Charles McALLISTER, Plaintiff–
Appellant,

v.

NEW YORK STATE DIVISION OF PA-
ROLE, George Alexandra, Chairman,
William Smith, Jr., Commissioner,
Carolyn Buckner, Secretary, Defen-
dants–Appellees.

No. 10–1304–pr.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2011.

Charles McAllister, Cape Vincent, NY,
pro se, Plaintiff–Appellant.

No Appearance, See Fed. R.App. P.
31(c), for Defendants–Appellees.

PRESENT: DENNIS JACOBS, Chief
Judge, PETER W. HALL, GERARD E.
LYNCH, Circuit Judges.

### SUMMARY ORDER

Charles McAllister, *pro se,* appeals the
dismissal without prejudice of his amended
complaint pursuant to 28 U.S.C.
§ 1915(e)(2)(B). We assume the parties'
familiarity with the underlying facts, the
procedural history, and the issues on ap-
peal.

A district court's § 1915(e)(2) dismissal
of a complaint is reviewed *de novo. See
Giano v. Goord,* 250 F.3d 146, 149–50 (2d
Cir.2001). The complaint must plead
"enough facts to state a claim to relief that
is plausible on its face." *Bell Atl. Corp. v.
Twombly,* 550 U.S. 544, 570, 127 S.Ct.
1955, 167 L.Ed.2d 929 (2007). Although
all allegations contained in the complaint
are assumed to be true, this tenet is "inap-
plicable to legal conclusions." *Ashcroft v.
Iqbal,* 556 U.S. 662, ——, 129 S.Ct. 1937,
1949, 173 L.Ed.2d 868 (2009). A claim will
have "facial plausibility when the plaintiff
pleads factual content that allows the court
to draw the reasonable inference that the
defendant is liable for the misconduct al-
leged." *Id.*

An independent review of the record
and the relevant precedents confirm that
the district court properly dismissed McAl-
lister's amended complaint for failure to
state a claim. *See ACEquip Ltd. v. Am.
Eng'g Corp.,* 315 F.3d 151, 155 (2d Cir.
2003) ("Our court may . . . affirm the dis-
trict court's judgment on any ground ap-
pearing in the record, even if the ground is
different from the one relied on by the
district court."). McAllister argues that
the Due Process Clause was violated be-
cause he was "denied parole pursuant to
an 'unofficial policy' to deny parole to vio-
lent felony offenders solely on the basis of
the violent nature of their convictions."

However, "[i]n order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170 (2d Cir.2001). The "New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Id.* at 171. Since (as the record shows) the Parole Board denied parole to McAllister after considering the factors listed under New York Executive Law § 259–i(2)(c)(A), and there is no indication in the record that McAllister had a "legitimate expectancy of release ... grounded in the state's statutory scheme," McAllister's due process claim was properly rejected.

McAllister claims that the Ex Post Facto Clause was violated by a purported "unofficial policy" to deny parole to violent felons. However, the Ex Post Facto Clause "applies only to legislative action" and "does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion." *Barna*, 239 F.3d at 171 (citation omitted). Since McAllister cites no legislative act that effected the Parole Board's denial of parole—and this Court has found that New York's parole scheme provides guidelines—McAllister's Ex Post Facto claim was also properly dismissed by the district court. *See id.*

Finally, McAllister claims that his right to equal protection was violated by the application of the "unofficial policy" to deny violent felons parole. However, "incarcerated felons are not a suspect classification," *Zipkin v. Heckler*, 790 F.2d 16, 18 (2d Cir.1986), and the Supreme Court has found that there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Moreover, New York's parole scheme is rationally related to its goals of ensuring that those who are granted parole "will live and remain at liberty without violating the law" and that "release is not incompatible with the welfare of society." *See* N.Y. Exec. Law § 259–i(2)(c)(A). As a result, it cannot be said that McAllister has alleged a denial of equal protection.

Accordingly, we **AFFIRM** the judgment of the district court.